Edward J. Greenfield, J.
Plaintiff, a self-employed attorney, seeks summary judgment in an action to declare the city unincorporated business tax, insofar as it repeals the exemption of self-employed professionals, violative of the United States Constitution and to enjoin enforcement of the law and collection of the tax.
The only questions raised are questions of law, and they may be dealt with very briefly. The State of New York has had an unincorporated business tax since 1935. In 1966, the City of New York was authorized to impose such a tax (L. 1966, ch. 772, | 2). The purpose of the unincorporated business tax, apart from revenue, was to diminish the advantages held by unincorporated businesses over their corporate competitors (People ex rel. Tower v. State Tax Comm., 282 N. Y. 407, 409). Until 1971 professionals were exempted from the State and city taxes. Then the Legislature amended the enabling act to include within the definition of unincorporated businesses not only trades, businesses and occupations, but professions as well (L. 1971, ch. 412). The city, accordingly, acted to tax self-employed professionals (Local Laws, 1971, No. 36 of City of New York, § 1; Administrative Code of the City of New York, § S46-2.0). While there was ample ground for treating doctors, lawyers, accountants, engineers and other professionals on a different basis from those engaged in trade and commerce, that was done as a matter of legislative grace and social policy. When social policy dictates a different order of priorities, distinctions previously recognized may properly be overlooked, and previously separate categories lumped together for tax purposes. To make self-employed lawyers subject to an unincorporated business tax from which they have heretofore been exempted and putting them in the same categories as self-employed plumbers, self-employed merchants, self-employed brokers, and self-employed artisans is neither “ arbitrary ” nor “ unreasonable.”
The classification which makes self-employed professionals subject to the tax and salaried employees not subject to the tax is not an invidious or arbitrary distinction. While it is true that a salaried lawyer has the same professional obligations, and is *898 expected to adhere to the same standards of ethics and responsibilities and to be of equal character, the major distinction is in the sources of their income. The self-employed attorney has the power to accept or reject clients, fix fees, rent space, hire personnel, take tax deductions for all his professional and business expenses, and have the net profits for himself or to share .with his partners. Unlike the salaried lawyer, he enjoys all the advantages of command. Since he sets policy, reaping the rewards, the unincorporated business tax may be said to be a tax upon him as an entrepreneur. It is his entrepreneurial position which is being taxed rather than his joint membership in a profession with salaried employees.
Both the unincorporated business tax, as it heretofore existed, and the Internal Revenue Code have always drawn a distinction between employer and employee and between profits and wages (Walters v. City of St. Louis, 347 U. S. 231). As unpalatable as it may be for a court of law to approve the imposition of a tax upon its practicing brothers in law, it must recognize the practical necessity and constitutional authority for doing so. A similar conclusion has been reached by the Supreme Court in Kings County (Shapiro v. City of New York, 67 Misc 2d 1027).
Plaintiff's motion for summary judgment is denied, and the court declares that New York City Local Law No. 36 of 1971, amending the unincorporated business tax to make subject thereto self-employed professionals, is constitutional and valid.