Chief Judge Fuld.
On this appeal brought directly to our court from Special Term on constitutional grounds, pursuant to CPLR 5601 (subd. [b], par. 2), we are called upon to determine the validity of New York City’s Local Law No. 36 of 1971 which extends the tax imposed under the city’s Unincorporated Business Income Tax Law to previously exempted self-employed professionals.
An unincorporated business income tax law has been an integral part of this State’s tax structure since 1935 (L. 1935, ch. 33, *100 § 1).[1] In 1966, the Legislature enacted a statute “ to enable any city having a population of one million or more to raise tax revenue by authorizing the imposition of taxes * * * on unincorporated businesses ” (L. 1966, ch. 772). Pursuant to this legislation, the City of New York enacted Local Law No. 22 of 1966 which imposes the authorized tax (Administrative Code of City of New York, § S46-1.0 et seq.). Patterned after the State act (Tax Law, § 701 et seq.), the city law imposes a tax, at a flat rate of 4%, on the “ taxable income ” of unincorporated businesses “ wholly or partly carried on within the city” and provides that such tax “ shall be in addition to any other taxes imposed ” (Administrative Code, § S46-3.0, subd. [a]). Taxable income under that law is arrived at, as it is under the State statute, by deducting from gross income, among other things, all “ ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business ” (Internal Revenue Code [U.S. Code, tit. 26], § 162, subd. [a]; see Administrative Code, § S46-6.0; Tax Law, § 706). In addition, each unincorporated entity is entitled to a so-called “ entity exemption ” of $5,000 (Administrative Code, § S46-9.0, subd. [1]; Tax Law, § 709, subd. [1]). Furthermore, the law allovrs each partner or proprietor to deduct as ‘ ‘ reasonable compensation ’ ’ for his “ personal services ” an amount which may not exceed $5,000 (Administrative Code, § S46-8.0, subd. [a]; Tax Law, § 708, subd. [a]).[2]
By way of contrast, under the city’s General Corporation Tax Law, the net income of corporations is normally taxed at a rate of 6.7% (Administrative Code, § R46-4.0, subd. 1, pal. [a], cl. [1]). However, that law provides alternative bases for computing the tax, the one to be used being that which yields the greatest amount of tax revenue. Significantly, the third alternative (§ R46-4.0, subd. 1, par. [a], cl. [3]) is designed to prevent a small closely held corporation from escaping the tax by deducting from gross earnings all or most of those earnings as salaries to its stockholders and officers. That provision, in effect, permits *101 the deduction of the principals’ salaries so far as they are reasonable—but, in so doing, it places a ceiling on such deductions equal to approximately 70% of the corporation’s net income.
Prior to the 1971 amendment here in question, the city tax law defined unincorporated business as ‘ ‘ any trade, business or occupation” (Administrative Code, § S46-2.0, subd. [a]). Just as under the State statute, the local law excluded from such definition salaried employees and a certain class of self-employed professionals (§ S46-2.0, subds. [b], [c]). In 1971, the State authorized the city to repeal the provision excluding or exempting professionals and to redefine an “ unincorporated business ” to include not only trades, businesses and occupations but professions as well (L. 1971, ch. 412, § 1) and in June of that year the city passed Local Law No. 36. A month later, the plaintiff — a self-employed attorney suing individually and on behalf of all others similarly situated and asserting a violation of due process and of equal protection of the laws—brought this action for a judgment (1) declaring the new law invalid and (2) enjoining its enforcement.
In a well-reasoned opinion (67 Mise 2d 1021), Supreme Court Justice McGroarty, rejecting the plaintiff’s contentions, upheld the local law as constitutional and dismissed the complaint on the merits.[3]
In our court, the plaintiff, as well as a number of amici curiae, advances basically the same arguments as were urged below. More specifically, he contends that Local Law No. 36 (1) constitutes a taking of property in violation of the Due Process Clause; (2) violates the Equal Protection Clause by lumping together self-employed professionals and self-employed businessmen for tax purposes; and (3) offends against the Equal Protection Clause by imposing a tax on the earnings of self-employed taxpayers — including self-employed professionals—not applied to the earnings of salaried employees. He also urges for the first time in our court that (4) Local Law No. 36, insofar as it classifies the earnings of self-employed professionals as business income for tax purposes, constitutes treating the “ [1] abor of human beings ” as ‘ ‘ an article of commerce ’ ’ in violation of section 17 *102 of article I, of the State Constitution[4]; and (5) the city Unincorporated Business Income Tax Law, before and after its amendment by.Local Law No. 36, is violative of equal protection guarantees in that it imposes a heavier tax burden on self-employed individuals and unincorporated entities than that imposed on corporations under the city’s General Corporation Tax Law (Administrative Code, § R46-2.0 et seq.).[5]
Due Process Claim
There can be no doubt that the tax law with which we are concerned was enacted solely and simply as an exercise of the taxing power; it was not motivated by any purpose other than the raising of revenue. “ This being so, the due process clause may not here be availed of to condemn the statute. That clause, it has been said, ‘ is applicable to a taxing statute * * * only if the act be so arbitrary as to compel the conclusion that it does not involve an exertion of the. taxing power, but constitutes, in substance and effect, the direct exertion of a different and forbidden power, as, for example, the confiscation of property. ’ (Magnano Co. v. Hamilton, 292 U. S. 40, 44.) ” (Ampco Print. *103 Advs. Corp. v. City of New York, 14 N Y 2d 11, 24, app. dsmd. for want of a substantial Federal question, 379 U. S. 5; see Lehnhausen v. Lake Shore Auto Parts Co., 410 U. S. 356, 357-359.)[6]
Equal Protection Claims
So far as the plaintiff’s equal protection claims are concerned, the governing principles are familiar and well settled. The rule is elementary that1 ‘ in taxation, even more than in other fields, legislatures possess the greatest freedom in classification.” (Madden v. Kentucky, 309 U. S. 83, 88; see, also, e.g., Lehnhausen v. Lake Shore Auto Parts Co., 410 U. S. 356, 357-365, supra; Allied Stores of Ohio v. Bowers, 358 U. S. 522, 526-528; Walters v. City of St. Louis, 347 U. S. 231, 237-238; Wisconsin v. J. C. Penney Co., 311 U. S. 435, 445; Lawrence v. State Tax Comm., 286 U. S. 276, 283; Matter of Roosevelt Raceway v. County of Nassau, 18 N Y 2d 30, 39, app. dsmd. for want of a substantial Federal question 385 U. S. 453; Ampco Print.-Advs. Corp. v. City of New York, 14 N Y 2d 11, 24, supra.) As the Supreme Court observed, just about four weeks ago, ip the Lehnhausen case (410 U. S. 356, 357-359, supra), “ Where taxation is concerned and no specific federal right, apart from equal protection/is imperilled, the States have large leeway in making classifications and drawing lines which in their judgment produce reasonable systems of taxation. As stated in Allied Stores of Ohio v. Bowers, 358 U. S. 522, 526-527: ‘ The States have a very wide discretion in the laying of their taxes. When dealing with their proper domestic concerns, and not trenching upon the prerogatives of *104 the National Government or violating the guarantees of the Federal Constitution, the States have the attribute of sovereign powers in devising their fiscal systems to ensure revenue and foster their local interests. Of course, the States, in the exercise of their taxing power, are subject to the requirements of the Equal Protection Clause of the Fourteenth Amendment. But that clause imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of state taxation. The State may impose different specific taxes upon different trades and professions and may vary the rate of exercise upon various products. It is not required to resort to close distinctions or to maintain a precise, scientific uniformity with reference to composition, use or value. ’ ”[7]
The wide variety of classifications permitted under these principles goes far to dispose of the plaintiff’s claim that Local Law No. 36 is arbitrary and capricious insofar as it treats self-employed professionals as unincorporated businesses for tax purposes. (See, also, Foosaner v. Director, Div of Taxation, 58 N. J. 57, 62; Lougee v. New Mexico Bur. of Revenue Comr., 42 N. M. 115, 134-135; Davis v. Ogden, 117 Utah 315, 318-328; 4A Mertens, Law of Federal Income Taxation [1972 rev.], § 25.122, p. 546.) Indeed, it has never been suggested that such classification is unconstitutional or impermissible under the Equal Protection Clause. Moreover, professionals, just as businessmen generally, have ever been privileged to deduct “ all the ordinary and necessary expenses paid or incurred # * * in carrying on any trade or business ” as allowed by section 162 of the Internal Revenue Code. (See, e.g., 4A Mertens, Law of Federal Income Taxation [1972 rev.], § 25.122, p. 546.)
In People ex rel. Moffett v. Bates (276 App. Div. 38, affd. 301 N. Y. 597) —cited by the plaintiff as “ Constitutional precedent that self-employed professionals [may not be deemed as] engaged in1 business ’ ”—we simply decided that the provision excluding professionals from the tax was not violative of equal protection guarantees. In so doing, we relied upon our earlier decisions *105 holding that one engaged in an occupation requiring “ professional knowledge ” as opposed to “ mere skill ” could be treated as a professional and thus exempt from the unincorporated business tax. (See, e.g., People ex rel. Tower v. State Tax Comm., 282 N. Y. 407, 412; Matter of Geiffert v. Mealey, 293 N. Y. 583, 586; Matter of Voorhees v. Bates, 308 N. Y. 184, 189.) Manifestly, neither that decision nor the Equal Protection Clause precluded the Legislature “ from changing its mind in making an otherwise permissible choice of subjects of taxation * * * If such changes are forbidden in the name of equal protection, legislatures in laying new taxes would be left powerless to rectify to any extent a previous distribution of tax burdens which experience had shown to be inequitable, even though constitutional.” (Welch v. Henry, 305 U. S. 134, 144-145; see Davis v. Ogden, 117 Utah 315, 318-324, supra.)
It is worth noting, before concluding discussion of this point, that a reading of the language of the exemption accorded the professions — as it has appeared both in the State statute since 1960 (Tax Law, § 703, subd. [c]) and in the city law (Administrative Code, § S46-2.0, subd. [c]) prior to its repeal by Local Law No. 36—makes it abundantly clear that the Legislature has, in fact, long considered professions as unincorporated businesses. Thus, the exemption actually defines the income of self-employed professionals as ‘ ‘ unincorporated business * * * income.” The simple fact is that heretofore self-employed professionals were exempted solely as a matter of legislative grace.
The plaintiff also argues that, even if the Legislature may legally treat self-employed businessmen and self-employed professionals similarly for tax purposes, it is impermissible to impose a business tax on such self-employed taxpayers without imposing the same tax on salaried employees. The point is without merit. (See, e.g., Walters v. City of St. Louis, 347 U. S. 231, 236, supra; Lawrence v. State Tax Comm., 286 U. S. 276, 283, supra; Fliegler v. City of New York, 72 Misc 2d 896; Lougee v. New Mexico Bur. of Revenue Comr., 42 N. M. 115, 134-135, supra; Clark v. City of Cincinnati, 99 Ohio App. 152, affd. 163 Ohio St. 532; Davis v. Ogden, 117 Utah 315, 329-331, supra.) The Walters case (347 U. S. 231, supra) is particularly pertinent. There, although an income tax was levied on self-employed and salaried individuals alike, the latter complained because they *106 were not permitted to deduct business expenses and make other deductions available to the self-employed taxpayers. The Supreme Court upheld the law, noting that the two groups were not so similar as to compel their being placed in “ precisely the same classification for tax purposes ” (p. 236) :
‘1 On its face, the ordinance classifies incomes for taxation according to their sources, one category consisting of salary and wage income and the other of profits from self-employment or business enterprise. Classification of earned income as against profits is not uncommon, sometimes to the advantage of the wage earner and sometimes to his disadvantage. It is a. classification employed extensively in federal taxation, which under appropriate circumstances allows deductions to the self-employed not allowed to employees, discriminates sharply between earned income and capital gains, and sets apart certain types of wage earnings for social security tax and for benefits. We cannot say that a difference in treatment of the taxpayers deriving income from these different sources is per se a prohibited discrimination. There is not so much similarity between them that they must be placed in precisely the same classification for tax purposes. ”[8]
Indeed, in the Lougee case (42 N. M. 115, 133-135, supra), the high court of New Mexico upheld an unincorporated business tax imposed on self-employed professionals, virtually identical to that of New York City and, we add, against a similar attack made, coincidentally, by a self-employed attorney. Davis v. Ogden (117 Utah 315, supra) is to the same effect. Before the court was an ordinance which, while levying a graduated “license” or “occupation” tax against the gross income of persons engaged in business, including “the business of practicing law, ’ ’ excluded from its ambit wage earners. In upholding the tax against an equal protection attack by a self-employed *107 attorney, the court wrote (pp. 330-331): “ The failure of the ordinance to include wage earners along with businesses is not arbitrary and capricious as employees are not persons similarly situated to those members of the profession who operate their own businesses.”
It follows from these decisions that the tax classification here challenged—insofar as it distinguishes between self-employed persons and salaried employees — is neither arbitrary nor capricious. In short, a “ state of facts reasonably can be conceived that would sustain it. ” (Allied Stores of Ohio v. Bowers, 358 U. S. 522, 528, supra.) For instance, the Legislature may well have grounded its action upon the fact that the self-employed taxpayer can, and frequently does, hire other people to work for him, whether they be fellow professionals — associates in a law firm—or clerks, typists, plumbers’ helpers or office boys. In consequence, his profits from his profession or business are in some measure the fruits of their labors. The Legislature may also have taken the view that self-employed businessmen, including professionals, earn their incomes in part from capital investments, whether they be printing presses, machine tools, typewriters, law books, or dental and medical equipment. Moreover, since the employer, unlike those whom he employs, draws upon and creates a need for governmental services — such as, fire and police protection and sanitation services—in connection with his business plant or office, the government may certainly require him to help defray the cost of such services. (See, e.g., Northwestern Mut. Life Ins. Co. v. Wisconsin, 247 U. S. 132, 139; Evansville Airport v. Delta Airlines, 405 U. S. 707.) Nor may we overlook the fact that the classification under attack in this case has existed unchallenged in the State law since its enactment almost four decades ago. This alone is some evidence that such classification rests upon a just and reasonable ground. (See, e.g., Lawrence v. State Tax Comm., 286 U. S. 276, 283-284, supra.)
In sum, we believe, as did the court below, that Local Law No. 36 is in all respects valid and constitutional. In reaching this conclusion, we are not unmindful of the appellant’s plaint that the ‘ ‘ heavier tax burden laid on self-employed earners could have been spread more broadly and more fairly among the general tax population. ” The answer, however, is clear. “ The *108 fact that a better taxing system might be conceived ”, as the Supreme Court (per Brandéis, J.) stated, “ does not render the law invalid. * * * [M]inor inequalities and hardships are incidents of every system of taxation ”, (Salomon v. State Tax Comm., 278 U. S. 484, 491-492.) Equally apt is this statement by the Supreme Court in Wisconsin v. J. C. Penney Co. (311 U. S. 435, 445, supra): “At best, the responsibility for devising just and productive sources of revenue challenges the wit of legislators. Nothing can be less helpful than for courts to go beyond the extremely limited restrictions that the Constitution places upon the states and to inject themselves in a merely negative way into the delicate processes of fiscal policy-making. We must be on guard against imprisoning the taxing power of the states within formulas that are not compelled by the Constitution but merely represent judicial generalizations exceeding the concrete circumstances which they profess to summarize.”
The judgment appealed from should be affirmed, without costs.
Judges Burke, Jasen, Gabrielli and Wachtler concur; Judges Breitel and Jones taking no part.
Judgment affirmed.

. Initially administered under article 16-A of the Tax Law (§ 386 et seq.), the State unincorporated business tax is presently administered under article 23 of that statute (§ 701 et seq.).

, The provision limiting the owner’s compensation to $5,000 has appeared ip the State statute since its original enactment in 1935 (Tax Law, § 386-e).

. Some four months later, the same conclusion was reached in another declaratory judgment action brought in New York County. (See Fliegler v. City of New York, 72 Misc 2d 896.)

. Not only was this contention not mentioned below but it is specious. The first sentence of section 17 of article I — relied on by the plaintiff — recites that “ Labor of human beings is not a commodity nor an article of commerce and shall never be so considered or construed. ” That provision has nothing remotely to do with the case before us. Taken as it is directly from section 6 of the Clayton Act ( U. S. Code, tit. 15, § 17) and added to our State Constitution in 1938, it merely guarantees to employees in New York the right to organize into trade unions free from prosecution under the antitrust laws as combinations or conspiracies in restraint of trade. (See Revised Record of the Constitutional Convention of the State of New Ybrk [1938], vol. Ill, pp. 2204^-2205; vol, IV, pp. 2673-2676.)

. Since this particular contention was not presented or argued below — and, in addition, rests in part upon the resolution of a sharply disputed question of fact — it may not be advanced in our court. (See, e.g., Wilson v. Cook, 327 U. S. 474, 483-484; Mann v. Major, 275 N. Y. 497; Matter of Levy, 255 N. Y. 223; see, also, Cohen and Karger, Powers of the New York Court of Appeals, § 59, pp. 267, 270, n. 61; § 55, pp. 251-252.) It matters not that the constitutional argument urged upon us involves equal protection just as the contentions asserted below. (See Wilson v. Cook, 327 U. S. 474, supra.) The crucial point is that this contention now advanced is a completely different argument, based on entirely different considerations, and not merely •“ ‘ an enlargement ’ ” of the equal protection issues considered at Special Term. (Wilson v. Cook, 327 U. S., at pp. 483-484.)

. In this connection, we note that there is no illegality, either under the State or Federal Constitution, in the circumstance that the tax here in question is — to cull from the language of the act itself — “ in addition to any other taxes imposed.” (See, e.g., State Tax Comm. v. Aldrich, 316 U. S. 174, 179; Illinois Cent. R. Co. v. Minnesota, 309 U. S. 157, 164; Swiss Oil Corp. v. Shanks, 273 U. S. 407, 413; People v. Home Ins. Co., 92 N. Y. 328, 346-347; Socony-Vacuum Oil Co. v. City of New York, 247 App. Div. 163, 165, affd. 272 N. Y. 668; People ex rel. New York Cent, & H. R. R. R. Co. v. Roberts, 32 App. Div. 113, 115-116, affd. on opn. below 157 N. Y. 677.) As the Supreme Court said in Illinois Cent. R. Co. v. Minnesota (309 U. S., at p. 164), the “ ‘ Fourteenth Amendment no more forbids double taxation than it does doubling the amount of a tax; short of confiscation or proceedings unconstitutional on other grounds.’ ”

. In the Allied Stores case, the court went on to say (358 U. S. 522, 528, supra) that “it has long been settled that a classification, though discriminatory, is not arbitrary nor violative of the Equal Protection Clause of the Fourteenth Amendment if any state of facts reasonably can be conceived that would sustain it.”

. It is true that, in Walters (347 U. S., at p. 236), the court observed that the record before it did not disclose the actual impact of the challenged ordinance. What is significant, however, is that the court went on to expressly uphold the ordinance as constitutional and thus, establish, contrary to the position taken hy the plaintiff, that t£e Equal Protection Clause does not require that salaried and self-employed taxpayers be treated exactly alike for tax purposes.