Thomas J. Hughes, J.
Plaintiffs move and defendants cross-move for summary judgment in this action brought to challenge the "wage freeze” provision of section 10 of the New York State Financial Emergency Act for the City of New York (L 1975, ch 868, § 2). Plaintiffs form an unincorporated membership association that bargains collectively for the physicians employed by the defendant New York City Health and Hospitals Corporation. There is no dispute that the defendants refuse to pay the plaintiffs the salary increments due, as of October 1, 1975 under the parties’ collective bargaining agreement, because of the enactment of the New York State Financial Emergency Act for the City of New York (hereinafter "FEA”).
It is the plaintiffs’ contention that the "wage freeze” provision of the FEA:
(i) impaired plaintiffs’ collective bargaining agreement (US Const, art I, § 10, subd 1);
(ii) took their property without just compensation (US Const, 5th and 14th Amdts; NY Const, art I, § 7, subd [a]);
(iii) violated the Bankruptcy and the Supremacy Clauses of the Federal Constitution (US Const, art I, § 8, subd 4; US Const art VI, § 2);
(iv) contravened their right to bargain collectively (NY Const, art I, § 17);
(v) denied them equal protection of the law (US Const, 14th Amdt; NY Const, art I, § 11).
In answer to plaintiffs’ first point, the law is clear that the police power of the State may be exercised, without violating the true intent of the "impairment” provision of the Federal Constitution, in directly preventing the immediate and literal enforcement of contractual obligations, by a temporary and conditional restraint, where public interests would otherwise suffer (Home Bldg & Loan Assn. v Blaisdell, 290 US 398, 440; NY Const, art 3, § 25). Thus, in a fiscal crisis, a State may validly extend a moratorium on mortgage foreclosures from year to year until an emergency period terminates (East New York Bank v Hahn, 326 US 230). However, in exercising its police power, a State may not impose such oppressive reme *506 dies as effectively destroy a contract (Worthen Co. v Kavanaugh, 295 US 56).
In response to New York City’s present fiscal crisis, a suspension of all wage increases (New York State Financial Emergency Act for City of NY, § 10, subd 1; L 1975, ch 868, § 2) is a reasonable exercise of the State’s police power (Home Bldg. & Loan Assn. v Blaisdell, supra). While no date certain is provided for the payment of the suspended wages, provision is made that the payment will be no later than the end of the "emergency period”. The term "emergency period” is defined to mean "the period of time from the effective date of this act until the date when the board determines that the expense budget of the city shall have been in balance for one fiscal year in accordance with the accounting methods prescribed for such budget by the state comptroller pursuant to subdivision two of section three thousand thirty-eight of the public authorities law.” (New York State Financial Emergency Act for City of NY, § 2, subd 12; L 1975, ch 868, § 2.) The Legislature did not set a date certain for payment because any date, so set, would have been based upon pure speculation. It was a reasonable and proper act of the Legislature to permit the Emergency Financial Control Board to make a continuing study to determine whether the crisis was over and whether the suspended wages should thus be paid (East New York Bank v Hahn, 326 US 230). In short, the suspension of the benefits due to plaintiffs did not impair their collective bargaining agreement.
With regard to the plaintiffs’ second challenge to the constitutionality of the "wage freeze” legislation, it should be observed that the State, in passing the legislation, has not adopted as its policy "the repudiation of debts or the destruction of contracts or the denial of means to enforce them” (Home Bldg, and Loan Assn. v Blaisdell, supra, p 439). Plaintiffs’ right to an increment under the subject bargaining agreement has been temporarily suspended; it has not been permanently abolished. Consequently, there is no merit to plaintiffs’ argument that it has been deprived of property without just compensation.
Plaintiffs’ third contention is that the "wage freeze” provision contravenes the Bankruptcy Clause, and thus, the Supremacy Clause of the United States Constitution. Suffice it to say that the suspension of plaintiffs’ increased wages consti *507 tutes an extension plan rather than a composition plan under title 11 of the United States Code (§ 403, subd [a]). (Perry v Commerce Loan Co., 383 US 392, 398-399; Flushing Nat. Bank v Municipal Assistance Corp., 84 Misc 2d 976, affd 52 AD2d 84.) Hence, this third point also lacks merit.
Plaintiffs assert, under their fourth challenge to the freeze provision, that it undermines their right to bargain collectively. Again, the statutory right to bargain collectively (NY Const, art I, § 17; Civil Service Law, art 14) may be circumscribed by a proper exercise of the police power, such as here, to maintain a stable economic environment (cf. Security Unit Employees v Rockefeller, 76 Misc 2d 435, 439).
Under their fifth point, plaintiffs maintain that they are being denied the equal protection of the law. An agency of the State denies equal protection when it treats persons similarly situated differently under the law (Matter of Abrams v Bronstein, 33 NY2d 488, 492). The plaintiffs, together with all other individuals with collective bargaining arrangements with the City of New York, were given the equal opportunity to enter into a voluntary deferral agreement (New York State Financial Emergency Act for City of NY, § 10, subd 2; L 1975, ch 868, § 2). Instead, the plaintiffs deliberately chose to challenge the constitutionality of the freeze legislation. Therefore, they may not validly complain that their rights to increased wages should be deferred instead of suspended. Moreover, in this same area of equal protection, the plaintiffs have not demonstrated that they are bearing a disproportionate share of the burden in this fiscal crisis vis-á-vis other interest groups in the public and private sector.
In view of the fact that the wage freeze was imposed upon the plaintiffs by reason of the State legislation, it is unnecessary to pass directly upon the constitutionality of section 1173-12.0 of the Administrative Code of the City of New York (Local Laws, 1975, No. 43 of City of New York) or Executive Order No. 37 (9 NYCRR 3.37). Nonetheless, since section 1173-12.0 and Executive Order No. 37 (9 NYCRR 3.37) are almost identical to the State freeze legislation, there can be little doubt as to their own constitutionality.
Plaintiffs’ motion is denied and defendants’ cross motion dismissing the complaint is correspondingly granted.