■ In the Matter of MUTUAL AID ASSOCIATION OF THE PAID FIRE DEPARTMENT OF THE CITY OF YONKERS, NEW YORK, INC., LOCAL 628, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFL-CIO, et al., Appellants, v CITY OF YONKERS. et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to pay certain salary increases in accordance with the parties' collective bargaining agreement, petitioners appeal from a judgment of the Supreme Court, Westchester County, dated January 13, 1977, which dismissed the petition. Judgment affirmed, with $50 costs and disbursements. The petitioner firefighters joined the Yonkers

Fire Department in either May, 1975 or August, 1975. The collective bargaining agreement between the petitioner union and the respondent city covering the period January 1, 1974 to June 30, 1975, recently extended to June 30, 1977 with exceptions not here pertinent, includes a plan or schedule of salary step-ups and increments, providing salary increases after 9 months, 1 year, 2 years and 3 years of service in the fire department and annual longevity increments after 10 years of service. This proceeding arises out of the City of Yonkers' refusal to pay petitioners the salary step-ups in accordance with their contract. Respondents contend that payment of such increases is barred by the wage freeze provision of the New York State Financial Emergency Act for the City of Yonkers (L 1975, ch 871). Special Term upheld respondents' position and we affirm. Section 10 of the Yonkers Financial Emergency Act provides, in pertinent part: "1. Increases in salary or wages of employees of the city * * * which have taken effect since November twentieth, nineteen hundred seventy-five or which will take effect after that date pursuant to collective bargaining agreements * * * are hereby suspended. All increased payments for holiday and vacation differentials, shift differentials, salary adjustments according to plan and step-ups or increments for employees of the city * * * which have taken effect since November twentieth, nineteen hundred seventy-five or which will take effect after that date * * * are hereby, in the same manner, suspended." The first sentence of section 10 appears to be directed primarily at across-the-board wage increases, which increase base salary regardless of the circumstances of the individual employee. The second sentence appears to be directed at those payments which increase base salary by reason of the employee's specific circumstances, such as assignment to the night shift or attainment of a certain level of seniority or longevity. The subject salary step-ups would concededly be suspended if the first sentence stood alone. We reject the view that they are nevertheless payable under the second sentence. The suspension of "All increased payments for * * * salary adjustments according to plan and step-ups or increments" bars not only bargained for increases in established step-ups or increments, but all payments for step-ups or increments which would otherwise have increased an employee's salary over that in effect on November 20, 1975. Indeed, even if the second sentence suspended only increases in previously established increments, the first sentence would still operate to suspend payment of any basic increment becoming due after November 20, 1975. This interpretation of section 10 fully accords with the intent of the Legislature to avert a default on Yonkers' municipal obligations and to maintain essential governmental services by, *inter alia,* freezing municipal labor expenses at the level existing on November 20, 1975. Petitioners' claim that any suspension of contractual increments by the Financial Emergency Act would be unconstitutional is without merit. The suspension does not violate their right to organize and bargain collectively, as contained in section 17 of article I of the State Constitution and the Taylor Law (Civil Service Law, art 14) *(Shapiro v City of New York,* 32 NY2d 96, 102, n 4; *Matter of Shelofsky v Helsby,* 39 AD2d 168; *Committee of Interns & Residents v City of N. Y.,* 87 Misc 2d 504; *Security Unit Employees, Council 82, Amer. Fed. of State, County & Municipal Employees, AFL-CIO v Rockefeller,* 76 Misc 2d 435), the contract impairment clause of the United States Constitution (art I, § 10) *(Home Bldg. & Loan Assn. v Blaisdell,* 290 US 398; *Matter of Subway-Surface Supervisors Assn. v New York City Tr. Auth.,* 56 AD2d 53, 57) or their right to equal protection of the law (cf. *Matter of Subway-Surface*

*Supervisors Assn. v New York City Tr. Auth., supra,* pp 58-59; see, also, *Board of Educ. v Cassidy,* 59 AD2d 180). Mollen, P. J., Titone, Rabin and Margett, JJ., concur.