OPINION OF THE COURT
Lawrence E. Kahn, J.
In the above-entitled action, plaintiff and defendant both seek summary judgment on the fifth cause of action stated in the supplemental complaint. At issue is the constitutionality of section 182 of the Tax Law as such section was enacted by chapters 271 and 272 of the Laws of 1980, and thereafter amended by section 68 of chapter 1043 of the Laws of 1981. The 1981 amendment redefined the term “oil company” with such redefinition retroactive to the original enactment of this legislation. A 2% gross profits tax is now applicable only to certain vertically integrated petroleum corporations which directly or through subsidiaries, produce, refine, and market petroleum products. Inclusion is dependent upon exceeding certain threshold amounts of crude oil production and refining capacity. The plaintiff admits that it is within the purview of the legislation, and asserts that the net result is that it is forced to compete in the New York State marketplace with other oil companies which are not subject to the tax.
*886 As now defined, an “oil company” is one which, alone or through an affiliate, produces 100,000 average barrels of crude oil per day, has refining capacity in excess of 175,000 barrels per day and markets or distributes for marketing, gasoline, motor fuels, fuel oils and similar products derived from crude oil.
This court has previously held that “[t]he Legislature in enacting a taxing statute such as the one at bar may permissibly treat different classes of taxpayers differently for tax purposes. (Southern Ry. Co. v Green, 216 US 400.) Thus, the statute may properly tax the class of corporations engaged in the business of extracting, producing, refining, manufacturing or compounding petroleum as a separate entity.” (Merit Oil of N. Y. v New York State Tax Comm., lll Misc 2d 118, 119.) Through its amendment of the definition of “oil company”, the Legislature has chosen to tax certain members of this group, and exclude others. Thus, they have created a different classification which requires additional analysis.
Counsel for plaintiff argues that Merit (supra) is dispositive of the issues raised hereby. The court does not agree. In Merit, the challenged statute provided for exemptions from the gross profit receipts taxed for certain retailers based entirely upon sales volume. This court held that Stewart Dry Goods Co. v Lewis (294 US 550) required a finding of unconstitutionality. However, Stewart is inapplicable to the present statute in that the tax liability is not fixed based upon sales volume. In defining “vertically integrated companies” no tax is imposed upon the activity of production and refining. Rather, reference to minimum thresholds of production and refining is utilized only to define and set the parameters of the class itself. Thus, unlike Stewart, the tax is not one enacted solely upon volume of sales of certain oil companies rather than others.
The Court of Appeals has reaffirmed the long-honored proposition that the Legislature must be given wide latitude in its taxing schemes. “[F]airness and equity are not the principle criteria against which the validity of tax statutes is to be determined. Similarly, when equal protection claims are to be weighed the rule is elementary that in taxation, even more than in other fields, Legislatures *887 possess the greatest freedom in classification (Shapiro v City of New York, 32 NY2d 96,103). Accordingly, it seldom suffices, and is often immaterial, in the resolution of tax controversies to demonstrate that in application a particular statute or regulation works even a flagrant unevenness.” (Matter of Long Is. Light Co. v State Tax Comm., 45 NY2d 529, 535.) Thus, absent an arbitrary classification, plaintiff’s argument that certain oil companies are purportedly not subject to the tax, is a question for the Legislature to determine, rather than this court.
It has been repeated many times that the presumption of constitutionality attaches to the legislation herein challenged, and the burden of rebutting this presumption lies squarely with the plaintiff. Plaintiff has failed to demonstrate that the creation of the class of vertically integrated oil companies as defined by the amended section of the Tax Law is without a rational basis, and thus, the classification must be sustained.
The plaintiff’s motion for summary judgment on its fifth cause of action shall be denied. The defendant’s cross motion for an order granting it summary judgment with respect to plaintiff’s fifth cause of action shall be granted.