DAVID B. WINNINGHAM
*v.*
DEPARTMENT OF REVENUE

THE UNITED STATES NATIONAL
BANK OF OREGON, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF RAYMOND R. RETER, DECEASED
*v.*
DEPARTMENT OF REVENUE

Fred J. Amundson, Moore & Amundson, P.C., Medford, represented plaintiff Winningham; Gregory T. Hornecker, Blackhurst, Hornecker, Hassen & Brian, Medford, represented plaintiff US National Bank, Personal Representative of the Estate of Raymond R. Reter, deceased.

Walter J. Apley and Ted E. Barbera, Assistant Attorneys General, Salem, represented defendant.

Decision for defendant rendered February 13, 1978.

CARLISLE B. ROBERTS, Judge.

Evelyn J. Winningham died on December 15, 1973. At the time of her death, she was owner of a one-half interest in real property which had been determined by the defendant to have a true cash value for Oregon inheritance tax purposes as of the date of death of $90,000. For a number of years preceding the date of death and in the year of death, this land had been "assessed at its true cash value for farm use" as unzoned farmland, pursuant to ORS 308.370(2).

Raymond R. Reter died on May 27, 1974. At the date of death, the decedent was owner of real property which was held by defendant to have a true cash value

of $1,691,650. For a number of years prior to the decedent's death, according to the personal representative, this land had been exclusively in farm use and was accorded a farm use assessment as unzoned farmland under the provisions of ORS 308.370(2) which, in the year of death, was accordingly assessed at a farm use value of $887,280.

Oregon Laws 1973 ch 503, § 13, effective October 5, 1973, subsequently codified as ORS 118.155, provided:

> "Interests in real property passing by reason of death that had received special assessment as farm use land under *subsection (1) of ORS 308.370* for the tax year immediately preceding the date of death of the decedent shall be valued for the purposes of ORS 118.005 to 118.840 at its value for farm use determined by the assessor under *subsection (1) of ORS 308.370* for the tax year immediately preceding the date of the death of the decedent." (Emphasis supplied.)[1]

Jackson County enacted a county farm zoning ordinance, effective September 1, 1973. Prior to that time, and specifically on January 1, 1972, and January 1, 1973 (the assessment dates[2] for the Winningham property and the Reter property, respectively), there was no county zoning and all farm use property in Jackson County which obtained special assessment came within the provisions of unzoned farmland,

---

[1] Oregon Laws 1975, ch 762, § 5, amended ORS 118.155, effective September 13, 1975, to change the date as to which farm property would be valued for a decedent's estate to January 1 of the year of the death of the decedent, instead of the year preceding. *See McCoy v. Dept. of Rev.,* 274 Or 165, 545 P2d 116 (1976). The amended section continued (in two places) to restrict the value for farm use to that property which came within subsection (1) of ORS 308.370. The section was again amended by Or Laws 1977, ch 666, § 11a, effective October 4, 1977. The 1977 act is the sophisticated work of the estate planner and includes "value for farm use determined by the assessor under ORS 308.370 as of January 1 of the year of the death of the decedent," with both of the references to subsection (1) deleted, thus presumably bringing within the inheritance tax valuation those farmlands classified for a special assessment under either subsection (1) or subsection (2) of ORS 308.370. Throughout this history, both classifications required that the property be used "exclusively" for farm use.

[2] *McCoy v. Dept. of Rev., supra,* n 1.

pursuant to ORS 308.370(2). However, the inventories of the two decedent's estates listed farm use values in the inventories for inheritance tax purposes and, upon being denied this election by the inheritance tax auditor, the plaintiffs appealed to the Department of Revenue. The department issued its order No. IH 77-1 on January 25, 1977, with respect to the Estate of Evelyn J. Winningham, deceased, and Order No. IH 77-4 dated June 15, 1977, in the Estate of Raymond R. Reter, deceased, affirming the auditor. Appeals having been taken to this court, the issues were submitted on written briefs and oral argument, with the concurrence of counsel.

Plaintiffs first urged that if defendant's conclusions are followed, the operation of the pertinent statutes would be unconstitutional because of a failure of uniformity of taxation under Art I, § 32, and Art IX, § 1, of the Oregon Constitution, alleging discrimination and an improper delegation of legislative power to county governments.

No applicable citations of authority were presented to sustain these contentions. The reasoning appears to be that since Or Const, Art I, § 32, requires that all taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax, and Art IX, § 1, requires that all taxes shall be levied and collected under general laws operating uniformly throughout the state, it follows that subsection (1) of ORS 308.370 lacks constitutionality in that each of the 36 county governments can determine for itself whether it will establish "a farm use zone" pursuant to ORS 215.010 to 215.190 and ORS 215.402 to 215.422, or ORS 227.210 to 227.310. Notice can be taken that many counties have not created a farm use zone. Plaintiffs' conclusion seems to be that, under the constitutional provisions cited, ORS 118.155 cannot be operative in any county until ORS 308.370(1) has been adopted by every county.

Although not argued in so many words, it appears to be plaintiffs' next step that, since the court should

construe all laws to find them constitutional if possible, and because the court has the primary duty of carrying out the legislative intent, special attention must be paid to the statement of legislative intent set out in Or Laws 1973, ch 503, § 1 (codified as ORS 215.243), declaring an intention to preserve a maximum amount of the limited supply of agricultural land. Under the reasoning, in what appears to be plaintiffs' view, the court is posed with the dilemma of either declaring ORS 118.155 unconstitutional or holding that no difference in treatment can be accorded farm use properties, whether "zoned" under ORS 308.370(1) or "unzoned" under ORS 308.370(2).

■ ■ The defendant pointed out that Or Const, Art I, § 32, refers to the requirement of uniformity "on the same class of subjects within the territorial limits of the authority levying the tax." The defendant follows this requirement, differentiating between the classes created by the provisions of ORS 308.370(1) and (2). But, further, there is no doubt that the requirement of Art IX, § 1, that taxes shall be levied and collected under general laws operating uniformly throughout the state, is also met. No authority has been shown that an unlawful delegation of legislative power has been made to the counties because the totality of the state-enacted zoning provisions give rise to many choices by county zoning agencies, with varying effects upon the individuals in counties and between counties.

Defendant also pointed out that the legislative intent to preserve open land for agricultural use is implemented substantially by ORS 308.370(1), which requires that land within a farm use zone can only be operated exclusively for farm use over the foreseeable future (except for specific, defined exceptions); that, even if an owner sells the farm or quits farming it himself, the land can be used for no other purpose. On the other hand, in the farm use land contemplated by ORS 308.370(2), an actual operation of the land for the purpose of obtaining a profit in money is required only

as long as the owner desires. Farm use can be abandoned in any year and the property turned to other uses.[3]

■ The court finds that the constitutionality of the cited statutes, read together, must be sustained. The legislative policy was to stimulate the preservation of farmland, and, during the time here involved, it sought to stimulate the adoption of permanent, specific farm zones by making it rewarding for taxpayers to press county commissioners to create such zones or for taxpayers to move into them. The rules do not differ from one part of the state to another. They do not single out any fixed group or class of persons; anyone might buy into or sell out of a farm zone, altering his estate's potential inheritance tax from day to day. The rules apply to all estates and all heirs of estates that are similarly situated under the law. *Cf Tharalson v. State ex rel Dept. of Rev.,* 281 Or 9, 16-17, 573 P2d 298 (1978).

■ The double references to "subsection (1) of ORS 308.370" found in the 1973 and the 1975 versions of ORS 118.155 are too specific for any court to alter or disregard. Further, ORS 215.243(4), the legislative statement of intent and policy, specifically states:

> "Exclusive farm use *zoning* as provided by law, substantially limits alternatives to the use of rural land and, with the importance of rural lands to the public, justifies *incentives* and *privileges* offered to encourage owners of rural lands to hold such lands in exclusive *farm use zones.*" (Emphasis supplied.)

The application of this policy with respect to ORS 308.370(1) zoned land appears a particularly appropriate classification.[4]

---

[3] In respect to No. 1178, respecting the Reter property, plaintiff argued that, at the assessment date, the property was within Jackson County's farm residential or rural residential zones, both of which permitted farming operations, and, therefore should be considered "farm zones" under ORS 308.370(1), but the court has rejected this argument for reasons listed in the decision.

[4] A change in policy by the 1977 legislative session, providing for the application of ORS 118.155 to both zoned and unzoned farmlands, was not made retroactive.

[ 355 ]

■ As stated by defendant (in No. 1136, Def Ans Br, 2):

"It is well established that the state legislature has wide discretion in classifying subjects. *Smith et al v. Columbia Co. et al,* 216 Or 662, 341 P2d 540 (1959). The legislature may also make any classifications or sub-classifications that it sees fit, and the court will not interfere provided that the required equality and the uniformity between the persons in the separate classes is not unreasonable or arbitrary and has some sanction in reason and logic. *Maxwell v. Bugbee,* 250 U.S. 525, 40 S Ct 2 [63 L Ed 1124] (1919)."

The power of the legislature to impose estate and inheritance taxes upon the right to give or receive property is well established. *In re Estate of Heck,* 120 Or 80, 90, 250 P 735, 738 (1926).

■ In *Est. of McGee v. Dept. of Rev.,* 7 OTR 288 (1977), this court held that if farm use land was to be valued for inheritance tax purposes pursuant to ORS 118.155, it must come within the provisions of subsection (1), ORS 308.370 and, further, the county's farm zone statute must comply with specifications of ORS 215.203 and 215.213.

Defendant's Orders No. IH 77-1 and No. IH 77-4 are affirmed. Costs are awarded to the defendant.