Argued and submitted June 8, affirmed June 29, 1982

# KNIGHT,
*Appellant,*

*v.*

# DEPARTMENT OF REVENUE,
*Respondent.*

(Oregon Tax Court No. 1540, SC No. 28409)

646 P2d 1343

Sam A. McKeen, Klamath Falls, argued the cause and filed the brief for appellant.

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

CAMPBELL, J.

## CAMPBELL, J.

Plaintiff personal representative appeals from the tax court's decree affirming the Department of Revenue's assessment of certain real property for inheritance tax purposes based on its true cash value rather than its farm use value.

The facts are stipulated. Louis R. Knight died June 30, 1976. Among his assets was a one-half interest in certain Oregon real property, valued at $74,470. Plaintiff paid inheritance tax based on the property's farm use value under ORS 308.370, ORS 308.380 and ORS 118.155. The Department of Revenue assessed the property based on its true cash value. On appeal the Department's assessment has been upheld.

■    At the time of decedent's death, Oregon law provided that any land zoned for farm use would be assessed for property tax purposes at farm use value rather than true cash value, ORS 308.370(1),[1] and that land not zoned for farm use but used exclusively for farm use for two years preceding assessment would also be assessed for property tax purposes at farm use value, ORS 308.370(2).[2]

At the time of decedent's death, ORS 118.155 provided:

"Interests in real property passing by reason of death that had received special assessment as farm use land under subsection (1) of ORS 308.370 shall be valued at its value

---

[1] ORS 308.370(1) provides:

"(1) Any land which is within a farm use zone established under ORS 215.010 to 215.190 and 215.402 to 215.422 or 227.215 to 227.300, and which is used exclusively for farm use as defined in ORS 215.203(2), shall, for purposes of assessment, be valued under ORS 308.232 at its true cash value for farm use and not at the true cash value it would have if applied to other than farm use."

[2] ORS 308.370(2) provides:

"(2) Any land which is not within a farm use zone but which is being used, and has been used for the preceding two years, exclusively for farm use as defined in ORS 215.103(2) shall, upon compliance with ORS 308.375, for purposes of assessment, be valued under ORS 308.232 at its true cash value for farm use and not at the true cash value it would have if applied to other than farm use. The provisions of this subsection shall not apply to any land with respect to which the owner has granted, and has outstanding, any lease or option to buy the surface rights for other than farm use except leases: * * *"

for farm use determined by the assessor under subsection (1) of ORS 308.370 as of January 1 of the year of death of the decedent."

In the year after decedent's death ORS 118.155 was amended to allow a farm use valuation for inheritance tax purposes for interests in real property receiving special assessment as farm use land under subsection (2) as well as subsection (1) of ORS 308.370. Decedent's property was specially assessed under ORS 308.370(2). At the time there were no farm use zones in Klamath County. Plaintiff claims that the legislative intent from the statutory scheme and from later amendment of ORS 118.155 favors inclusion of the subject property in the farm use value classification. With this we cannot agree. Plaintiff's citation to ORS 308.380,[3] expressly providing that regulations further defining "farm use", include ORS 308.370(2) lands for property tax purposes, merely serves to emphasize the absence of intent to similarly include those lands in ORS 118.155 for inheritance tax purposes. We agree with prior tax court opinions limiting inheritance tax benefits to land which has been specially assessed as zoned farm use land under ORS 308.370(1). *See Winningham et al v. Department of Revenue,* 7 OTR 350 (1978). The 1977 amendment of ORS 118.155 supports our conclusion.

The question remains whether ORS 118.155 as it was on decedent's death unconstitutionally discriminated among owners of Klamath County property in violation of the Oregon Constitutional provisions requiring uniformity of taxation, Article I § 32 and Article IX § 1.[4]

---

[3] ORS 308.380 provides in pertinent part:

"(1) The Department of Revenue shall provide by regulation for a more detailed definition of farm use, consistent with the general definition in ORS 215.203(2), to be used by county assessors in determining entitlement to special assessment under ORS 308.370(2). Such regulations shall not be designed to exclude from the special assessment those lands which are in farm use as defined in ORS 215.203(2) for which tax relief is intended."

[4] Article I § 32 provides:

"No tax or duty shall be imposed without the consent of the people or their representatives in the Legislative Assembly; and all taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax. * * *"

Article IX § 1 provides:

■ ■     All tax laws must operate uniformly and equally throughout the state and on the same class of subjects within the legislating body's territory. Oregon Constitution Article I § 32, Article IX § 1. These provisions were intended to permit the reasonable classification of subjects of taxation, exemption of certain property from taxation and the imposition of different rates of taxation upon different classes of property. *Jarvill v. City of Eugene,* 289 Or 157, 613 P2d 1 (1980). The legislature has wide discretion in classifying subjects of taxation. *Huckaba v. Johnson,* 281 Or 23, 25, 573 P2d 305 (1978). In this case two classifications were established by the legislature. First, the legislature distinguished between those counties enacting exclusive farm use zoning and those not enacting such zoning. Second, the legislature singled out owners of property in an exclusive farm use zone in counties having such zoning for inheritance tax benefits. *See* ORS 118.155, ORS 308.370(1),(2). The purpose of ORS 118.155 was to provide an incentive to counties and to individual property owners for holding property in exclusive farm use. This purpose is served by both classifications.

■     The legislative classification limiting the benefits of ORS 118.155 to land assessed as zoned farmland under ORS 308.370(1) operates uniformly upon all property within the class, i.e., land within an exclusive farm use zone. We hold, therefore, that there has been no violation of the uniformity provisions of the Oregon Constitution.

■     Petitioner without citation of authority contends that ORS 118.155 unconstitutionally delegates the power to provide for exclusions from tax benefits to counties. That section limits tax benefits for inheritance tax purposes to land which has been zoned for exclusive farm use. The county is delegated the power to zone for farm use. ORS 215.203. The composition of the county governing body, determined by popular vote, will affect the decision of whether to zone for farm use. This decision is influenced by many factors, not merely tax benefits. Once the decision to

"The Legislative Assembly shall, and the people through the initiative may, provide by law uniform rules of assessment and taxation. All taxes shall be levied and collected under general laws operating uniformly throughout the State. * * *"

zone has been made, notice and hearing are required, ORS 215.223. Review of a zoning decision may be had. ORS 215.402 to. 422. The safeguards are adequate to protect the interest of persons affected by farm use zoning decisions. *See Warren v. Marion County,* 222 Or 307, 353 P2d 257 (1963).

Affirmed.