Argued and submitted May 18, affirmed October 5, 1983

## 1000 FRIENDS OF OREGON et al,
*Appellants - Cross-Respondents,*

*v.*

## DEVA et al,
*Respondents- Cross-Appellants,*
## WASCO COUNTY COURT et al,
*Respondents,*

(17487; CA A26245)

669 P2d 1183

Mark J. Greenfield, Portland, argued the cause and filed the briefs for appellants - cross-respondents.

Joseph Larkin, Deputy District Attorney, The Dalles, waived appearance for respondents Wasco County Court and Sue Proffitt, Wasco County Clerk, The Dallas.

Ma Prem Sangeet, Rajneeshpuram, argued the cause and filed the brief for respondent - cross-appellant City of Rajneeshpuram.

Timothy Ramis, Portland, argued the cause for respondents - cross-appellants Swami Krishna Deva,

Rajneesh Investment Corporation, and Rajneesh Neosannyas International Commune. On the briefs was Corinne C. Sherton, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiffs appeal from an adverse declaratory decree entered after the trial court granted defendants' motion for summary judgment. In their brief, plaintiffs summarize their complaint as follows:

> "Plaintiffs' complaint sought declarations (1) that an election of City Councilmen for Rajneeshpuram based on an unlawful order for incorporation would be illegal and its results null and void; (2) that plaintiffs were entitled to permanent injunctions against the election of such city councilmen; (3) that plaintiffs were entitled to permanent injunctions against land use decisionmaking by the city; (4) that any land use decisions by an illegally created city would themselves be illegal; and (5) that if the city's incorporation were ruled invalid, all uses approved or established that are inconsistent with exclusive farm use zoning must be removed."

Plaintiffs also prayed for preliminary injunctions against the election of city councilmen or the exercise of planning and zoning responsibilities by elected city councilmen and city agents and employes.

Underlying all of the allegations of plaintiffs' complaint is the hypothetical assumption that the incorporation of Rajneeshpuram ultimately will be declared illegal in another case that is currently pending before LUBA.[1] There is no showing that defendants had done, or intended to do, anything unlawful. Plaintiffs are thus seeking declaratory and injunctive relief which would only become effective if they prevail in other pending litigation. Plaintiffs do not seek relief pending the outcome of the other litigation, although the thrust of this action appears to be protective in nature.

As it stands, the complaint seeks hypothetical relief and does not present an actual or justiciable controversy. *Brown v. Oregon State Bar,* 53 Or App 759, 765, 632 P2d 1338 (1981), *aff'd in part, rev'd in part and rem'd* 293 Or 446, 648 P2d 1289 (1982). A declaratory judgment action must be based on an existing set of facts, as opposed to hypothetical ones. *Mitchell Bros. Truck Lines v. Lexington,* 287 Or 217, 220, 598

---

[1] This court remanded the case to LUBA after holding that incorporation of a city was a land use decision. *1000 Friends of Oregon v. Wasco County,* 62 Or App 75, 659 P2d 1001, *rev den* 295 Or 259 (1983).

P2d 294 (1979); *Cummings Constr. v. School Dist. No. 9,* 242 Or 106, 110, 408 P2d 80 (1965). The underlying hypothesis of plaintiffs' complaint is that the incorporation of Rajneeshpuram was not proper; they are seeking a declaration that if that hypothesis is established, certain results will follow. Those matters may not be determined until after the underlying hypothesis has been finally determined. Until then, no justiciable controversy exists and no declaratory relief may be granted.

Defendants cross-appeal, contending that they were entitled to summary judgment on the basis of *res judicata* or collateral estoppel. Given our disposition of plaintiffs' appeal, we need not reach the cross-appeal.

Affirmed.