Argued and submitted June 3, affirmed October 12, reconsideration denied November 25, 1983, petition for review denied February 8, 1984 (296 Or 411)

## KANE,
*Appellant,*

*v.*

# TRI-COUNTY METROPOLITAN TRANSPORTATION DISTRICT OF OREGON,
*Respondent.*

## (82-0073C; CA A26359)

670 P2d 178

Henry Kane, Beaverton, argued the cause and filed the brief pro se for appellant.

Charles F. Hinkle, Portland, argued the cause for respondent. With him on the brief were Gersham Goldstein, Joel D. Kuntz and Stoel, Rives, Boley, Fraser and Wyse, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiff brought this action for declaratory judgment, alleging that defendant's Ordinance No. 92 is unconstitutional in that it imposes an income tax on self-employed persons[1] and on no other class of individuals or businesses. He appeals from a judgment for defendant entered after the latter's motion for summary judgment was granted as to all five claims for relief. We affirm.

Defendant is a municipal corporation authorized generally to levy an income tax on the earnings of all persons and businesses residing in the district and on income of nonresidents derived from sources within the district. ORS 267.370. ORS 267.385(1), as amended by Or Laws 1981, ch 907, § 3, provides:

> "To carry out the powers granted by ORS 267.010 to 267.390, a district may by ordinance impose an excise tax on every employer equal to not more than six-tenths of one percent of the wages paid with respect to the employment of individuals. For the same purposes, a district may by ordinance impose a tax on each individual equal to not more than six-tenths of one percent of the individual's net earnings from self-employment."

The last sentence of that subsection was added by the 1981 amendment, and pursuant to that authority defendant adopted its Ordinance No. 92, the language of which tracks the statute.[2]

Plaintiff first contends that the trial court erred in granting defendant's motion for summary judgment on his first four claims for relief. The essence of his argument is that Ordinance No. 92 violates the uniformity of taxation clauses

---

[1] Plaintiff's characterization of the tax is not accurate. It is a tax on net earnings from self-employment.

[2] The challenged ordinance provides, in pertinent part:

"2.1 *Tax imposed.* A tax is imposed annually on every natural person in an amount equal to six-tenths of one percent of such person's Net Earnings from Self-Employment during the Taxable Year in excess of $400 from activities within the District."

Under section 2.3 of the ordinance, the tax applies to net earnings from self-employment earned in taxable years starting in 1982, and under section 4.1 the tax is to be paid by the taxpayer on or before April 15 of the year following the end of the taxpayer's taxable year. Tri-County Metropolitan Transp. Dist. of Ore., Ordinance No. 92.

of the state constitution and the Equal Protection Clause of the federal constitution[3] by taxing the net earnings of the self-employed while not taxing the income of persons who receive wages, salaries or investment or "unearned income," or the income of corporations. There is no dispute of fact on those claims, and we treat them as presenting questions of law.

■     At the outset, we note that Article IX, section 1, of the Oregon Constitution is not applicable to taxes imposed by a municipal corporation, because that provision "appears to apply only to taxes that operate throughout the state." *Jarvill v. City of Eugene,* 289 Or 157, 171 n 15, 613 P2d 1, *cert den* 449 US 1013 (1980). Therefore, Article IX, section 1, cannot be a basis for the challenge of defendant's tax, which is imposed only on those who live within its statutorily defined boundaries. ORS 267.207(3)(b); Tri-County Metropolitan Transp. Dist. of Ore., Ordinance No. 90.

Furthermore, plaintiff's argument that the ordinance violates Article I, section 32, of the Oregon Constitution is unpersuasive. Although the question presented in *Jarvill* was whether that provision prohibits a governmental authority from defining territorially a class of subjects for separate tax treatment, the court's review of the history of that provision aids in the present analysis.

Dissatisfaction with the "uniform and equal" provisions of the Oregon Constitution culminated in the appointment of a commission in 1905; it drafted amendments to Article I, section 32, that it believed "were sufficiently elastic to permit the selection of the classes of tangible property by

---

[3] Or Const, Art I, § 32, provides:

"* * * and all taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax."

Or Const, Art IX, § 1 provides:

"* * * All taxes shall be levied and collected under general laws operating uniformly throughout the State."

US Const, Amend XIV, provides:

"* * * nor shall any State * * * deny to any person within its jurisdiction the equal protection of the laws."

Plaintiff's failure to present an argument based on Article I, section 20, of the Oregon Constitution to the court below precludes our considering it on appeal. *Ensley-Koebel v. National Guaranty Properties, Inc.,* 279 Or 391, 395-96, 568 P2d 655 (1977).

the legislature." Report of the Tax Comm. 8-9 (1906), quoted in *Jarvill v. City of Eugene, supra,* 289 Or at 175. Although the language of the proposed amendments submitted to the Oregon voters in 1910, 1912, 1914 (all of which failed) and 1917 (which passed) varied, their purpose never changed:

> "* * * They were intended to permit the reasonable classification of subjects of taxation, the exemption of certain property from taxation, and the imposition of different rates of taxation upon different classes of property. * * *" 289 Or at 176-77. (Citations omitted.)

The expressed intention of the drafters to permit reasonable classification led the court in *Jarvill* to conclude that a governmental authority could single out a subterritory for separate class treatment so long as the classification rested on "genuine differences." 289 Or at 180. Accordingly, the court said that the import of section 32 is that

> "* * * once a taxing authority selects a class for taxation, the tax must apply uniformly among all objects in the class that are within the territorial limits of the authority levying the tax." 289 Or at 177-78.

■ The courts of this state have recognized consistently that a taxing authority has a wide range of discretion in classifying subjects of taxation. *See, e.g., Knight v. Dept. of Revenue,* 293 Or 267, 271, 646 P2d 1343 (1982); *Jarvill v. City of Eugene, supra,* 289 Or at 178; *Huckaba v. Johnson,* 281 Or 23, 25-26, 573 P2d 305 (1978); *Tharalson v. State Dept. of Revenue,* 281 Or 9, 16, 573 P2d 298 (1978); *Dutton Lbr. Corp. v. Tax Comm.,* 228 Or 525, 539, 365 P2d 867 (1961); *Smith et al v. Columbia County et al.,* 216 Or 662, 341 P2d 540 (1959); *Wittenberg et al v. Mutton et al.,* 203 Or 438, 280 P2d 359 (1955); *Garbade and Boynton v. City of Portland,* 188 Or 158, 191-92, 214 P2d 1000 (1950), *overruled on other grounds, Multnomah County v. Mittleman,* 275 Or 545, 552 P2d 242 (1976). The analysis employed in tax cases under Article I, section 32, has been identical to that employed under the Equal Protection Clause of the Fourteenth Amendment. *See, e.g., Jarvill v. City of Eugene, supra,* 289 Or at 182-84; *Huckaba v. Johnson, supra,* 281 Or at 31; *Smith v. Columbia County, supra,* 216 Or at 690. We see no reason to deviate from that analysis, notwithstanding the more recent emphasis on developing analysis of the state's constitution independent of the federal constitutional provisions. *See State v. Kennedy,* 295 Or

260, 666 P2d 1316 (1983). Accordingly, we will continue to assess a challenge to a classification for taxation purposes by a review of the possible grounds for classification to determine that there may be a rational basis on which it may rest:

"* * * Any classification * * * is permissible which has a reasonable relation to some permitted end of governmental action, and it is not necessary that the basis of the classification must be deductible from the nature of the thing classified; it is enough if the classification is reasonably founded within the purpose and policy of taxation, and if some real and substantial distinction is present a classification based thereon is reasonable if made with respect to * * * the character of the taxpayers subjected to the tax." *Standard Lbr. Co. v. Pierce et al.,* 112 Or 314, 328, 228 P 812 (1924).

Because courts are reluctant to second guess the legislature, a rational basis will be found to exist "if there is any conceivable state of facts which would support the classification." *Huckaba v. Johnson, supra,* 281 Or at 26, citing *Carmichael v. Southern Coal Co.,* 301 US 495, 57 S Ct 868, 81 L Ed 1245 (1937); *Smith et al. v. Columbia County et al., supra; Wittenberg et al v. Mutton, et al., supra.* Thus, we are required to determine whether "any conceivable basis" exists to justify the defendant's (or more aptly the legislature's) decision to tax the earnings of individuals derived from self-employment but not from other sources.[4]

In addition to taxing self-employment income, defendant imposes on all employers an excise tax equal to six-tenths of 1 percent of the wages paid by the employer with respect to the employment of individuals. ORS 267.385(1); Tri-County Metropolitan Transp. Dist. of Ore., Ordinance No. 2. That tax was upheld in *Horner's Market v. Tri-County Transp.,* 2 Or App 288, 467 P2d 671, *aff'd* 256 Or 124, 471 P2d 798 (1970), *overruled on other grounds, Multnomah County v. Mittleman, supra.* Standing alone, that tax does not reach the income of self-employed employers; it is measured only by the wages that they paid to their employes. Thus, defendant could have concluded that an equal tax on net earnings from self-employment would promote tax equity and fairness. Because

---

[4] Although plaintiff did not challenge the constitutionality of the enabling statute, ORS 267.385(1), (as amended by Or Laws 1981, ch 907), he conceded in oral argument that, if the ordinance is unconstitutional, the statute must also be unconstitutional. That posture of the argument seems to put the cart before the horse, but we will deal with the question as it is posed by plaintiff.

the payroll of employers was already subject to taxation, it was reasonable to extend the tax to those who, in effect, employ themselves in proprietorships or partnerships. On the other hand, the rationale could have been that, because both employes and self-employed individuals are likely to receive benefits from a mass transit system, both groups should contribute to its operation. Moreover, defendant could have reasoned that a tax on corporate income might discourage the investment of capital within the district, thereby reducing the growth of employment opportunities, and that a tax on measured income would bear no relationship to benefits received.

Any of those rationales, as well as myraid others, would support the legislative classification of self-employed individuals for taxation purposes. The decision to tax only income derived from self-employment is based on genuine differences between that group and others. Accordingly, we hold that the classification does not violate Article I, section 32, of the Oregon Constitution or the Equal Protection Clause of the Fourteenth Amendment.[5]

It may be, as plaintiff points out, that the classification overburdens some self-employed persons, but we have consistently recognized that "inequalities which result from a singling out of one particular class for taxation or exemption infringe no constitutional limitation." *Wittenberg v. Mutton, supra,* citing *Carmichael v. Southern Coal Co., supra,* 301 US at 509.

Plaintiff further assigns as error the trial court's dismissal of his fifth claim for relief in which he contends that the ordinance is unconstitutional because it incorporates by reference future relevant changes in the Internal Revenue Code.[6] Because there is no allegation that any relevant

---

[5] Our holding is consistent with cases in other jurisdictions upholding a distinction between self-employed persons and wage earners for taxation purposes. *See, e.g., Walters v. City of St. Louis,* 347 US 231, 236, 74 S Ct 505, 98 L Ed 660 (1954); *Lougee v. New Mexico Bureau of Revenue Comm'r,* 42 NM 115, 76 P2d 6, 17-18 (1938); *Shapiro v. City of New York,* 32 NY2d 96, 343 NYS2d 323, 296 NE2d 230, 236 (1973), *appeal dismissed* 414 US 804 (1973); *Davis v. Ogden City,* 117 Utah 315, 215 P2d 616, 623 (1950).

[6] Plaintiff challenges the following part of section 1.4 of Ordinance No. 92:

"1.4 * * * In applying § 1402 for the purposes of this ordinance, the words 'gross income,' 'deductions' and 'distributive share,' and any other words used in

changes have been made that would in any way affect him, or the class he purports to represent, his claim does not present an actual or justiciable controversy. *1000 Friends v. Deva,* 64 Or App 755, 669 P2d 1183 (1983); *Brown v. Oregon State Bar,* 53 Or App 759, 765, 632 P2d 1338 (1981), *aff'd in part, rev'd in part and rem'd* 293 Or 446, 648 P2d 1289 (1982). A declaratory judgment action must be based on an existing set of facts, as opposed to hypothetical ones. *Mitchell Bros. Truck Lines v. Lexington,* 287 Or 217, 220, 598 P2d 294 (1979); *Cummings Constr. v. School Dist. No. 9,* 242 Or 106, 110, 408 P2d 80 (1965). Plaintiff's fifth claim for relief fails to state a claim, and the judgment for defendant on all five of plaintiff's claims was proper.

Affirmed.

---

IRC § 1402 shall have the same meaning as those words have for federal income tax purposes for the federal taxable year corresponding to the Taxpayer's Taxable Year. The purpose of these definitions is to incorporate any relevant changes in IRC § 1402. For the purposes of this Ordinance, the term 'Net Earnings from Self-Employment' is *not* limited in any way by IRC § 1402(b)." (Emphasis in original.)