Argued and submitted March 19, affirmed September 10, 1986

# LAWSON,
*Appellant,*

*v.*

# COOS COUNTY SCHOOL DISTRICT #13,
*Respondent.*

(85-329; CA A35950)

724 P2d 943

Kathleen P. Eymann, Coos Bay, argued the cause for appellant. With her on the brief was Chandler and Stokes, Coos Bay.

Ridgway K. Foley, Jr., P.C., Portland, argued the cause for respondent. With him on the brief were Schwabe, Williamson, Wyatt, Moore & Roberts, and Thomas V. Dulcich, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

## DEITS, J.

Plaintiff is the guardian *ad litem* for his minor child, who was allegedly injured by defendant's negligence on March 31, 1982. He has not yet filed a negligence claim. Apparently, the child had recovered by 1985, but his physician indicated that the prognosis was uncertain, because he was not fully grown. The Statute of Limitations for tort claims against public bodies, such as defendant, is two years. ORS 30.275(8). Plaintiff brought this declaratory judgment action in February, 1985, to determine whether the potential negligence claim is time barred. Plaintiff contends that the two-year Statute of Limitations is suspended pursuant to ORS 12.160 by the minor's disability. Defendant moved to dismiss on the basis that the complaint does not present a justiciable controversy. The trial court granted defendant's motion, and we affirm.

■ A court may not entertain an action for declaratory relief in the absence of a justiciable controversy. As the Supreme Court explained in *Brown v. Oregon State Bar,* 293 Or 446, 648 P2d 1289 (1982):

> "Justiciability is a vague standard but entails several definite considerations. A controversy is justiciable, as opposed to abstract, where there is an actual and substantial controversy between parties having adverse legal interests. *Cummings Constr. v. School Distr. No. 9,* 242 Or 106, 408 P2d 80 (1965). The controversy must involve present facts as opposed to a dispute which is based on future events of a hypothetical issue. *Id. [sic].* A justiciable controversy results in specific relief through a binding decree as opposed to an advisory opinion which is binding on no one. *Id. [sic].* The court cannot exercise jurisdiction over a nonjusticiable controversy because in the absence of constitutional authority, the court cannot render advisory opinions. *Oregon Cty. Mfgs. Ass'n. v. White,* 159 Or 99, 109, 78 P2d 572, 576 (1938)." 293 Or at 449.

■ The complaint does not present a justiciable controversy. The alleged dispute regarding the interpretation of ORS 30.275(8) will become actual and present only if plaintiff files a lawsuit and defendant raises the limitations defense.

Affirmed.