Argued and submitted February 1, affirmed April 20, reconsideration denied June 3, petition for review denied June 28, 1988 (306 Or 155)

# DeJONGE et al,
*Appellants,*

*v.*

# MUTUAL OF ENUMCLAW,
*Defendant,*

# KEESECKER INSURANCE, INC.,
*Respondent.*

(86-0829; CA A44760)

752 P2d 1277

J. P. Harris II, Salem, argued the cause and filed the brief for appellants.

George A. Burgott, Eugene, argued the cause and filed the brief for respondent. With him on the brief was Atherly, Butler & Burgott, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiffs appeal from a final judgment in favor of defendant Keesecker Insurance, Inc. (Keesecker).[1] The trial court held that the action is barred by the Statute of Limitations. We affirm.

Plaintiffs purchased a small grocery store in 1980 and allegedly employed Keesecker to obtain "all the insurance necessary" for their business. He obtained insurance from defendant Mutual of Enumclaw (Mutual) which specifically excluded liability arising from the sale of alcohol.[2] Plaintiffs allege that neither defendant fully explained the policy to them and that defendants informed plaintiffs that the policy provided them with "standard liability coverage."

On July 29, 1983, Nichols, a minor, purchased alcoholic beverages from plaintiffs' grocery store. Later he was involved in an accident in which Lundin was killed. Lundin's estate filed a wrongful death action against Nichols. In connection with that case, plaintiffs were scheduled to be deposed in February, 1984. Before the deposition they retained an attorney. On January 17, 1984, the attorney contacted Keesecker and asked what its position was regarding defense of the

---

[1] Final judgment was entered in Keesecker's favor pursuant to ORCP 67B. The case against Mutual is not involved in this appeal.

[2] "This coverage does not apply

"* * * * *

"(h) [T]o bodily injury or property damage for which the insured or his indemnitee may be held liable

"(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or

"(2) if not so engaged, as an owner or lessor of premises used for such purposes,

"If such liability is imposed

"(i) by, or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift distribution or use of any alcoholic beverage, or

"(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

"but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above[.]"

Lundin action, should they be added as defendants. On February 10, 1984, the attorney was notified by Mutual that no coverage existed, due to the alcohol exclusion in the policy. Mrs. DeJonge testified that, as of January, 1984, she and her husband were aware that coverage was not provided by the policy and that they believed that Keesecker was at fault for not providing the coverage requested. They testified that they retained and paid the attorney to protect their interests because Mutual had advised them it would not do so.

On October 31, 1984, plaintiffs were added as defendants in the Lundin action and were served on December 3, 1984. On approximately December 10, they hired a different attorney. On June 6, 1986, this action was filed. Insofar as is relevant to this appeal, the complaint alleges that Keesecker negligently failed to procure adequate insurance, because it failed to include coverage for liquor liability. Keesecker filed a motion for summary judgment, contending that the claim was barred by the Statute of Limitations. The motion was granted, and final judgment was entered in Keesecker's favor.

*Bollam v. Fireman's Fund Ins. Co.*, 302 Or 343, 730 P2d 542 (1986), is dispositive of the issues presented. In January, 1975, the Bollams were involved in an automobile accident, in which liability was reasonably clear. The policy they had with Firemans Fund covered the situation with a $100,000 applicable limit. Firemans Fund began making advance payments almost immediately and continued until it had paid out almost $49,000. In July, 1976, Firemans advised the Bollams that they should retain their own attorney to evaluate the underlying claim. They did so and incurred attorney fees therefor. By April, 1977, it was clear that the plaintiffs in the underlying claim would not accept the remainder of the policy limits in settlement. Firemans Fund eventually paid the balance of the policy limits and the Bollams were required to pay an additional $35,000 in June, 1979, to settle the case. They filed an action in April, 1980, against Firemans for negligent management of the claim. The action was commenced more than two years after the plaintiffs had first retained their own attorney and had incurred attorney fees in connection with the claim against them but less than two years after settlement of that claim.

A cause of action for negligence cannot arise until the

negligence causes harm and results in damage to the plaintiffs. *Bollam v. Fireman's Fund Ins. Co., supra,* 302 Or at 347; *see also Jaquith v. Ferris,* 297 Or 783, 784, 687 P2d 1083 (1984). The extent of the damage need not be determined for the Statute of Limitations to begin to run. 302 Or at 351; *see also Industrial Plating Co. v. North,* 175 Or 351, 354, 153 P2d 835 (1944). The critical focus is when damage first occurred, not when the full extent of damage is identifiable. The issue in *Bollam* is identical to the issue in this current case: When did damage occur so as to trigger the running of the Statute of Limitations?

In *Bollam* the Supreme Court held that when the Bollams retained and paid an attorney to protect their interests, the Statute of Limitations began to run. 302 Or at 353. Therefore, it had been more than two years since the insureds' cause of action accrued, and so it was barred. The Bollams would have had a claim for defense expenses, even if the negligent conduct had not caused damages beyond the policy limits.

Similarly here, plaintiffs were aware that Keesecker had not procured the insurance which they had requested and that, as a result, they hired an attorney to protect their interests. That decision was reasonable in the light of Keesecker's alleged negligence. It was at that time that their damage occurred. The statute began to run no later than January, 1984, when they had notice that the insurance procured by Keesecker was inadequate to cover liquor liability and they retained the first attorney. This action was not filed until June 6, 1986, which was beyond the two-year limitation period for filing a negligence action. ORS 12.110(1).

Affirmed.