ORDER DISMISSING COMPLAINT
KATHARINE ENGLISH, Chief Judge.
ISSUE: Plaintiff, Kim Flood, has filed a complaint in Tribal Court seeking a declaratory judgment that “this court lacks subject matter jurisdiction” regarding certain tort claims that plaintiff alleges involve “non-tribal members.” Defendant Kristina Ryan has answered, in part by contending that plaintiff has failed to state a claim on which relief can be granted. Both defendants have filed a joint memorandum opposing plaintiffs request for declaratory relief, in part based on the assertions: (1) that this court should dismiss plaintiffs request for declaratory relief because it presents no justiciable case or controversy, and (2) that plaintiff has not complied with the state trial court’s directive that he “pursue” his claims in Tribal Court.
Plaintiff filed a motion to amend his complaint by “deleting” defendant Kit Divine. All parties stipulated today to that motion, and the dismissal of defendant Divine has been entered in a separate Order, which Order preceded this one. The only controverted issue before the Court is the Motion to Dismiss the Complaint against defendant Ryan.
BACKGROUND:
This case is an outgrowth of a tort case filed earlier in state court. In that case, as here, Flood is the plaintiff. Ryan is, and Divine was also, the named defendants.
In state court, defendants moved for summary judgment, arguing, in part, that plaintiffs tort claims were barred by Tribal sovereign immunity. Defendants’ state court argument is based on the allegations that, at the material time, defendant Divine was the Human Resources Director of Spirit Mountain Casino and plaintiff was an employee of the Casino, and that plaintiffs claims against defendant Ryan arise from her statement to Divine made during the course of the Casino’s investigation into plaintiffs conduct.
Defendants also asked the state trial court to abstain from deciding their motion for summary judgment because the jurisdictional and other issues were ones that the Tribal Court should decide in the first *86 instance. Subsequently, the state court entered an order granting defendants’ alternative motion to abstain and to abate the state court proceedings. That order provided that the state court would
“abstain from any further action in this matter, and this matter shall be abated until plaintiff han pursued his claims in Tribal Court The Tribal Court will decide whether' it has jurisdiction to hear this case. If the Tribal Court decides that it has jurisdiction, it will address plaintiffs claims. If the Tribal Court declines to exercise jurisdiction, the matter will be returned to this Court’s docket, whereupon the pending Rule 47 [or summary judgment] motions that remain unresolved will be decided by this Court.”
(Emphasis added.)
On October 18, 1999, the Tribal Court sent a letter to plaintiffs and defendants’ counsel, asking that counsel address the issues of whether the plaintiffs complaint pleads a justiciable controversy, or instead asks for' an advisory opinion only, and whether plaintiffs complaint comports with the state trial court’s directive that he “pursue[ ] his claims in Tribal Court.”
On January 7, 2000, counsel appeared before the Court to address those and other pending issues.
ANALYSIS:
The exercise of judicial power generally requires the existence of a justi-ciable case or controversy between parties who are before the court. See Flast v. Cohen, 392 U.S. 83, 94, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); Brown v. Oregon State Bar, 293 Or. 446, 648 P.2d 1289 (1982). That general rule applies with equal force to declaratory judgment proceedings. Aydin Corp. v. Union of India, 940 F.2d 527, 527-28 (9th Cir.1991); Lawson v. Coos Co. School Dist. No. 13, 81 Or.App. 358, 360, 724 P.2d 943 (1986). Although those federal and state court decisions may ultimately be grounded in provisions of the United States and the Oregon constitutions that do not apply directly to this Court, the Court sees no reason (and none has been offered) to jettison sound legal principle. The exercise of this Court’s jurisdiction also requires the existence of an actual case or' controversy, as opposed to the presentation of an abstract or hypothetical question.
Plaintiffs complaint posits nothing more than the following abstract inquiry: if plaintiff were to file his tort claim in Tribal Court, would the Court have jurisdiction over it? The only declaration that plaintiff seeks from the Court is one stating that it lacks jurisdiction over his tort claim. That abstract question presents no justiciable controversy. The question of whether the Court would have jurisdiction if some litigant were to take some action in the future is a hypothetical one only.
Plaintiff argues that the inquiry raised by his complaint is not abstract or hypothetical because a declaration that this Court lacks subject matter jurisdiction over his tort claim would allow his state-court case to proceed. Because plaintiff has not complied with the state court’s directive, that assertion may be debatable.
In any event, plaintiffs point begs the question, which is not whether the state court could proceed if this Court were to determine that it has no subject matter jurisdiction over plaintiffs tort claim, but is instead w7hether this Court, has a justiciable controversy before it. That it does not should be evident from considering this: what would happen if this Court were to decide, contrary to plaintiffs assumption, that it does have subject matter jurisdiction over1 the underlying tort claim. Under' plaintiffs present pleading, the case would then be at an end, the Court having decid *87 ed that it has jurisdiction over a case not yet brought before it. In sum, no justicia-ble controversy is presented here.
That point is sufficient to lead to the dismissal of this proceeding, but the Court also notes that plaintiff does not appear to have complied with the state trial court’s directive to him. Seeking a mere declaration as to whether this Court would have jurisdiction if he were to file his tort claims here does not amount to “pursu[ing]” those tort claims in Tribal Court. Because plaintiffs tort claims are not before the Court, if the Court determined that it had jurisdiction, it could not, as the state court contemplated, proceed to “address” those claims.
FINDINGS:
Having fully considered the matter, the Court finds that plaintiffs complaint should be dismissed because it does not present a justiciable controversy and because plaintiff has failed to comply with the state court’s directive.
IT IS HEREBY ORDERED:
The Plaintiffs Complaint is dismissed.