Argued and submitted June 3, 2005, affirmed June 14, 2006

Arthur BERG,
as Trustee and on behalf of the KJJ Trust,
and Catherine A. Mick,
*Appellants,*

*v.*

John A. HIRSCHY
and Hagen Dye Hirschy & Dilorenzo, PC,
an Oregon professional corporation,
*Respondents.*

0301-01065; A122624

136 P3d 1182

R. Daniel Lindahl argued the cause for appellants. With him on the briefs were Robert B. Lowry and Bullivant Houser Bailey, PC.

Brian R. Talcott argued the cause for respondents. With him on the brief were Thomas H. Tongue and Dunn Carney Allen Higgins & Tongue LLP.

Before Linder, Presiding Judge, and Haselton* and Ortega, Judges.

ORTEGA, J.

---

* Haselton, J., *vice* Ceniceros, S. J.

## ORTEGA, J.

Plaintiffs appeal the trial court's dismissal of their declaratory judgment action at the pleading stage. They assign error to the trial court's determination that granting defendants' motion to dismiss was proper because the case presented no justiciable controversy. We review for errors of law, *Huang v. Claussen*, 147 Or App 330, 332, 936 P2d 394, *rev den*, 325 Or 438 (1997), and affirm.

■ In considering the sufficiency of plaintiffs' complaint, we accept as true its well-pleaded allegations and the reasonable inferences that may be drawn therefrom, but disregard any allegations that are conclusions of law. *Id.* The complaint posits the following facts. Plaintiffs were shareholders of Berg Wholesale Hardware, Inc. (Berg Inc.). Defendants are attorney John Hirschy and his law firm. Defendants provided legal advice, including tax advice, to plaintiffs about converting Berg Inc. from a subchapter S corporation to a limited liability company. In reliance on that advice, plaintiffs chose to make that conversion, and defendants performed legal services in connection with that decision.

Plaintiffs allege that defendants negligently failed to advise them that converting Berg Inc. to a limited liability company could potentially cause adverse tax consequences if a tax authority were to ascribe what is commonly described as "goodwill" and/or "going concern" value to the corporation, thereby increasing its fair market value.[1] Plaintiffs filed tax returns ignorant of any "goodwill" or "going concern" value that would have required them to report a taxable gain. However, no tax authority has as yet required Berg Inc. to pay additional taxes, interest, or penalties as a result of that omission, although that possibility exists.

Plaintiffs filed this declaratory judgment action seeking declarations establishing defendants' negligence and liability for taxes that might be assessed against plaintiffs in

---

[1] For purposes of this opinion, it is unnecessary to explain the complexities of these alleged tax consequences.

the future or, in the alternative, a declaration that no malpractice claim has yet accrued for statute of limitations purposes.[2] Defendants moved to dismiss on the ground that the complaint did not present a justiciable controversy. The trial court agreed and dismissed the case with prejudice. We agree with the trial court that plaintiffs' claims are not justiciable.

Oregon's Uniform Declaratory Judgments Act, ORS 28.010 to 28.160,[3] confers on Oregon courts the "power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed." ORS 28.010. The Act aims "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations, and is to be liberally construed and administered." ORS 28.120.

Nevertheless, for a court to entertain an action for declaratory relief, the complaint must present a justiciable controversy—that is, an actual and substantial controversy between parties having adverse legal interests that results in specific relief through a binding decree. *Brown v. Oregon State Bar*, 293 Or 446, 449, 648 P2d 1289 (1982). A justiciable controversy must involve present facts, not future events or hypothetical issues. *Johnson v. Miller*, 113 Or App 98, 101, 831 P2d 71 (1992). Where the rights of the plaintiff are contingent on the happening of some event that cannot be forecast and that may never take place, the dispute is not justiciable. *Hale v. Fireman's Fund Ins. Co. et al*, 209 Or 99, 103-04, 302 P2d 1010 (1956).

Plaintiffs' claims here depend on the occurrence of future events that may or may not happen. A cause of action for negligence does not arise until the defendant's negligence causes harm and results in damages to the plaintiff. *DeJonge v. Mutual of Enumclaw*, 90 Or App 533, 536-37, 752 P2d 1277, *rev den*, 306 Or 155 (1988). However, by plaintiffs' own

---

[2] Plaintiffs also sought a declaration that defendants breached their fiduciary duties to plaintiffs, but failed to distinguish that theory from their negligence theory either here or in the trial court.

[3] Amendments to the Act that took effect after plaintiffs filed their complaint —Or Laws 2003, ch 576, §§ 302-307, and Or Laws 2005, ch 22, § 18—do not affect our analysis. Accordingly, we cite the current version of the statute.

admission, they have yet to incur any damages; no tax authority has imposed on them any additional tax liability, and it is impossible to know when or even if they will incur such liability. Indeed, the relevant tax authority may never decide to review plaintiffs' tax returns at all, or may never decide that Berg Inc. experienced a taxable gain that subjects plaintiffs to additional liability. The declaratory relief that plaintiffs seek will not prevent them from incurring damages; rather, it depends on the hypothetical event that such damages will be incurred.[4] Accordingly, plaintiffs may not obtain declaratory relief because their claim is not justiciable.

We held that a similar controversy was not justiciable in *1000 Friends of Ore. v. Deva*, 64 Or App 755, 669 P2d 1183 (1983). There, the plaintiffs sought a declaration that, if the incorporation of a city were to be declared illegal in another pending case, various actions taken by that city were also illegal. 64 Or App at 757. We explained:

"Underlying all of the allegations of plaintiffs' complaint is the hypothetical assumption that the incorporation of [the city] ultimately will be declared illegal in another case * * *. Plaintiffs are thus seeking declaratory and injunctive relief which would only become effective if they prevail in other pending litigation."

---

[4] Plaintiffs invoke our prior recognition that the Declaratory Judgment Act allows a court to "relieve parties of uncertainty by adjudicating their rights and duties before wrongs have actually been committed *or damages suffered.*" *LaMarche v. State of Oregon*, 81 Or App 216, 220, 725 P2d 378, *rev den*, 302 Or 299 (1986), *overruled on other grounds by Hunter v. State of Oregon*, 84 Or App 698, 735 P2d 1225 (1987), *rev'd on other grounds*, 306 Or 529, 761 P2d 502 (1988) (emphasis added); *see also Gaffey v. Babb*, 50 Or App 617, 624 P2d 616, *rev den*, 291 Or 117 (1981) (allowing declaratory relief where the plaintiff challenged a criminal ordinance that made his business illegal, although he had not been prosecuted under the ordinance). Although that may be true in certain contexts—*e.g.*, ORS 28.030 (under the Declaratory Judgment Act, "[a] contract may be construed * * * before * * * breach")—the controversy must also be of a nature that "lend[s] itself to final judgment in law or equity on rights, status or other legal relationships of one or more of real parties in interest[.]" *State Farm Fire & Cas. v. Reuter*, 294 Or 446, 449, 657 P2d 1231 (1983). This controversy does not lend itself to final judgment because even if the court ruled on defendants' allegedly negligent conduct—*i.e.*, on isolated elements of their potential negligence claim—plaintiffs' action for negligence may never arise. Moreover, the Act allows a court to refuse to enter a declaratory judgment when that judgment would not "terminate the uncertainty or controversy giving rise to the proceeding." ORS 28.060. Here, a declaration as to defendants' negligence would not terminate the controversy.

*Id.* Because the complaint sought hypothetical relief, we held that it did not involve an actual or justiciable controversy. *Id.*

Likewise here, plaintiffs seek a declaration that defendants were negligent based on hypothetical damages that they will incur only if a tax authority finds that they owe additional taxes. They attempt to distinguish *1000 Friends* by noting that the declaration sought in that case depended on the outcome of an "entirely different case," but that plaintiffs here are not waiting for another tribunal to establish that defendants were negligent. That is hardly a distinction. The declaration that plaintiffs seek does, in fact, depend on what can be characterized as a finding in an entirely different case—that is, a finding by a tax authority that plaintiffs owe additional taxes. Indeed, the declarations sought by plaintiffs here are even more hypothetical because they depend on an entirely different *hypothetical* case, rather than an actual pending case like the one involved in *1000 Friends*. In both circumstances, the relief sought would be awarded only if speculative future events come to pass. Accordingly, just as in *1000 Friends*, plaintiffs' claim is not justiciable.

■    Plaintiffs' request for a declaration that their cause of action has not yet accrued likewise is not justiciable. In *Lawson v. Coos Co. Sch. Dist. #13*, 81 Or App 358, 724 P2d 943 (1986), the plaintiff was the guardian *ad litem* for a child who was allegedly injured by the defendant school district's negligence. *Id.* at 360. Although two years had passed since the injury, the child's prognosis was uncertain, and the plaintiff brought a declaratory judgment action to determine whether the child's potential negligence claim was barred by the two-year statute of limitations. *Id.* We held that the complaint did not present a justiciable controversy because the dispute would be "actual" only if the plaintiff filed a lawsuit and the defendant raised a limitations defense. *Id.* Likewise here, the dispute between the parties regarding accrual of plaintiffs' malpractice claim will become actual and therefore justiciable only if plaintiffs file a negligence action and defendants raise a limitations defense.

Affirmed.